IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL NOMEE III,<br><br>Defendant. | CR 23-29-BLG-SPW<br><br>ORDER DENYING MOTION TO SUPPRESS |

Before the Court is Defendant Paul Nomee III's Motion to Suppress. (Doc. 27). Nomee seeks to suppress all physical evidence obtained after a search of his person following law enforcement's misidentification of Nomee as the subject of arrest warrants. (Doc. 28 at 5). The United States opposes the motion, asserting that the officer and dispatcher made an objectively reasonable error when identifying Nomee as the subject of the warrants because the information on both warrants matched Nomee's first and last name and one of the two warrants matched Nomee's date of birth. (Doc. 33 at 2). The Court has reviewed the exhibits submitted by the Defendant, consisting of BIA Officer Cordell Anthony's arrest reports, Watchguard camera recording, Nomee's driver's license, and two arrest warrants for Paul Gary Nomee. (Doc. 29). The parties do not dispute the correctness of these exhibits and there are no disputes of fact for the Court to

1

resolve. Defendant's motion is purely based on legal grounds. As such, the Court concludes that the matter can be resolved without a hearing. *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000) ("An evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist."); *see also United States v. Cook*, 808 F.3d 1195, 1201 (9th Cir. 2015). For the following reasons, the Court denies Nomee's motion.

**I.     Background**

On January 11, 2023, BIA Officer Anthony, investigating a reported vehicle accident, passed a black Chevy Impala with significant damage, that matched the reports he had received regarding the vehicle involved in the crash. Anthony conducted a traffic stop on the vehicle, and the driver identified himself as Paul Nomee III. Anthony requested that dispatch conduct a warrant check. After a delay, dispatch responded that they had a warrant for Paul Nomee. Anthony reapproached the car and asked for Nomee's driver's license. Anthony relayed the name Paul Nomee III to dispatch with a date of birth of August 7, 1962. Dispatch confirmed that they had a warrant matching that information, stating "that'll be him." (Doc. 29, Ex. B at 07:29).

2

Anthony then contacted the jail, and, after some time, the jail confirmed that they would accept him. Anthony arrested Nomee on the warrant. As Nomee was arrested, he was searched, and Anthony located a holster with a firearm and drug paraphernalia on Nomee. Nomee is now charged under 18 U.S.C. § 922(g)(1) with being a prohibited person in possession of a firearm. (Doc. 1).

In actuality the warrants were for Paul Gary Nomee, a different person than Paul Nomee III. One of the warrants (Doc. 29, Ex. D) lists a date of birth of "08.07.1962" and the other (Doc. 29, Ex. E) lists a date of birth of "08.27.1995."

## II.   Legal Standards

The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath of affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

The U.S. Supreme Court has repeatedly affirmed that "the ultimate touchstone of the Fourth Amendment is 'reasonableness.'" *Heien v. North Carolina*, 574 U.S. 54, 60 (2014) (quoting *Riley v. California*, 573 U.S. 373, 381 (2014)). Reasonability is not equivalent to perfection, and so the Fourth Amendment allows for officials to make some mistakes, giving them "fair leeway for enforcing the law in the community's protection." *Id.* at 60-61 (quoting *Brinegar v. United States*, 338 U.S. 160, 176 (1949)). Searches and seizures based

3

on mistakes of fact may be reasonable. By the same token "if officers with probable cause to arrest a suspect mistakenly arrest an individual matching the subject's description, neither the seizure nor an accompanying search of the arrestee would be unlawful." *Id.* at 61; *see Hill v. California*, 401 U.S. 797, 802-805 (1971). Errors committed by dispatch officers are subject to the same scrutiny as police officers. *United States v. Shareff*, 100 F.3d 1491, 1502-03 (10th Cir. 1996).

### III.   Analysis

Nomee contends that the dispatch officer acted unreasonably in incorrectly identifying him as the subject of the warrants. (Doc. 28 at 5). He asserts that a reasonable dispatch officer would have noticed the discrepancy in name between Paul Nomee III and Paul Gary Nomee, especially given that the name Paul Nomee III implies there are multiple people named "Paul Nomee." (Doc. 28 at 7). Nomee also asserts that a reasonable dispatch officer would have run additional searches given these discrepancies and noticed the different birthdates and addresses. (Doc. 28 at 7).

Nomee analogizes to *Rivera v. City of Los Angeles*, 745 F.3d 384 (9th Cir. 2014), where Rivera was twice mistakenly arrested on warrants for a different Santiago Rivera, one with the same first and last name, date of birth, and within one inch in height and ten pounds in weight of each other. The Court concluded

that officers were not unreasonable in believing Rivera was the true subject of the warrant at the time of arrest due to those significant similarities. Defendant argues that the conduct here falls below the standard articulated in *Rivera*. (Doc. 28 at 5).

The United States responds that Anthony acted reasonably upon the information provided by dispatch and, that the dispatch officer's mistake was not unreasonable. (Doc. 33 at 5). The United States contends that a matching first and last name and date of birth on one warrant demonstrates that the mistaken arrest of Nomee was not unreasonable.

The Court agrees with the United States. Officials are to be afforded a degree of leeway in making reasonable mistakes when protecting the community. *Brinegar*, 338 U.S. at 176. *Rivera* does not set the floor for the information required for a mistaken arrest to be reasonable; it is instead an illustrative example. Here, like *Rivera*, Nomee's first and last name and date of birth matched one warrant in the system. Although it is true that additional searches may have raised doubts about whether the warrant was for Paul Nomee III, the standard is reasonableness, not perfection. Here it is sufficiently probable, based on the information before the dispatch officer, that Paul Nomee III was the subject of the arrest warrant, and so the arrest does not violate the Fourth Amendment. *See Hill*, 401 U.S. at 1111 ("But sufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment and on the record before us the

officers' mistake was understandable and the arrest a reasonable response to the situation facing them at the time."). Like *Hill*, the dispatch officer made an understandable mistake, and the Court cannot conclude that the officer acted unreasonably given the situation. Obviously more prudence would be ideal, especially given the discrepancies between the two warrants and Paul Nomee III's lack of a middle name, but the touchstone is reasonableness, as the U.S. Supreme Court and Ninth Circuit have continually affirmed.

Accordingly, the arrest and subsequent search pursuant to arrest are not unlawful and should not be suppressed.

### IV. Conclusion

Nomee's Motion to Suppress (Doc. 27) is DENIED. The matter shall be reset for trial.

DATED this 8th day of August, 2023.

                                       *Susan P. Watters*
                                       SUSAN P. WATTERS
                                       United States District Judge